IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. 20-cr-30102-NJR |
| | ) |
| JAMES R. SEARS, | ) |
| | ) |
| Defendant. | ) |

**<u>SENTENCING MEMORANDUM</u>**

*I do not think much of a man who
is not wiser today than he was yesterday.*
- A. Lincoln

James is charged with one crime in this case, being Attempted Enticement of a Minor. It is a serious crime, and that seriousness is reflected in the fact that the mandatory minimum sentence that can be imposed by this Honorable Court is ten (10) years imprisonment within the Bureau of Prisons. No matter what.

As a criminal law practitioner with some experience with the crimes listed in the United States Code, as well as experience with the Federal Sentencing Guidelines, it is sometimes too easy to toss around years of potential sentences as if they were just numbers with no real impact on the lives of defendants. Ten years imprisonment is a very long period of time, especially for someone who falls within criminal history category I. Especially for someone who, prior to the arrest in this case, had never spent a single day behind bars at any facility, for any reason. Especially for someone who, in his entire life, had only one police contact at the age of 17, where he was charged with a misdemeanor which was dismissed within weeks of being charged.

The Federal Sentencing Guidelines are presently advisory, but the advisory nature of these Guidelines is based upon years of study, research and constant re-evaluation. The

1

Guidelines were a product of the Comprehensive Crime Control Act of 1984, and became effective in 1987. In the thirty-five (35) years that have elapsed since their creation, these Guidelines have been amended and refined each year, especially as to the type of crime before the Court in this case. After careful study each year, the United States Sentencing Commission makes recommendations for proposed amendments to the Guidelines. Those amendments only take place if there is no objection by Congress.

The Guidelines in this case properly reflect this seriousness of this offense, with the Base Offense Level starting off at 28. The Guidelines properly add 2 levels for the use of computer technology during the prohibited conduct. The Guidelines factor in an additional 5 levels for the prior activity involved in this case, so the earlier activity with a minor in Lake County is already factored into the current Guideline Sentence determined by the Probation Department. If one looks at the low end of the Guidelines for criminal history I, with Offense Level 28 (78 months), and compares it to the low end of the Guidelines for the same criminal history at Offense Level 35 resulting from those extra levels (168 months), it is clear that the Guidelines have already taken into consideration the appropriate sentence for a person such as James Sears in this case. The consideration of the factors in that 7 level jump more than doubles the low end sentence available without said enhancements.

And the Guidelines appropriately take into consideration the importance of acceptance of responsibility, which lowers the Offense Level to 32, with a Guideline Sentencing range of 121-151 months.

In addition to the serious mandatory minimum sentenced faced by him, James also was arrested at a time when the COVID pandemic was in full bloom, which to some extent slowed the processing of most criminal cases in this area, both state and federal, but which resulted in

2

him being housed in a county jail for a period of 20 months, with very little opportunity to see the outside, much less experience the outdoors. James did become ill from the COVID virus in early January of this year, but has since recovered (although he still had a cough during a conference with counsel on February 10, 2022).

With regard to the earlier events described in the PSR, James faces responsibility for that here, in that the Guidelines factor said activity into the Guideline range. James will also face responsibility for those events in that he has been charged for them in Lake County, Illinois, and in all likelihood will be transferred to Lake County, either directly from the custody of the US Marshal, or on a writ after being transferred from our district to the Federal Bureau of Prisons. There is no need to punish him here for those events, in that punishment will follow in the appropriate jurisdiction.

James has undergone some difficulties in life. He has battled drugs, and seems to be on the upswing in that regard. He suffered a traumatic event when a close friend suffered from an inadvertent fentanyl overdose. The friend was taken to the hospital and then released. After James took him home, the friend seemed alright, but then passed away at home. James discovered the body, called the EMTs and tried to perform CPR, but it was too late. This event haunts James to this day.

Two letters of support are provided herein as Exhibits A and B, and are letters from his mother and his aunt. These letters show that the event at issue is uncharacteristic of James, and that upon his release from prison, that there are persons out there who can provide a basis of support for the future for him. These letters also show another side, a better side, of James. Someone who can be a positive force down the road.

Defendant seeks the imposition of a sentence at the low end of the U.S. Guideline range as determined by the US Probation Department, which is sufficient, but not greater than necessary to satisfy all the sentencing factors identified in 18 U.S.C. 3553.

Respectfully submitted,

By: /S/ Daniel R. Schattnik
Daniel R. Schattnik, #03122234 IL
Attorney at Law
3 South 6th Street
Wood River, IL 62095
(618) 258-1800
E-Mail: schattnik@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. 20-cr-30102-NJR |
| | ) |
| JAMES R. SEARS, | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

I certify that on the 24TH day of February, 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

    /S/ Daniel R. Schattnik
Daniel R. Schattnik, #03122234 IL